# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PATRICIA MARKLE,**

    Plaintiff,

**v.**                                              **CIVIL ACTION NO. 3:13-CV-50**
                                                      **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER DENYING MOTION TO STAY DISCOVERY AND DEADLINES IN THE FIRST ORDER

On this day, the above-styled matter came before the Court for consideration of the Government's Motion to Stay Discovery and Deadlines in the First Order [Doc. 8], filed on May 29, 2013. Through its motion, the Government requests that the Court stay all discovery and deadlines contained in the Court's First Order and Notice Regarding Discovery and Scheduling Conference [Doc. 6], entered on May 6, 2013.

According to the Government, a review of the Complaint reveals that it concerns allegations of medical malpractice for which the Plaintiff filed an administrative tort claim on November 6, 2012. The Government further asserts that although six months have elapsed since the Plaintiff filed her administrative claim, the United States Department of Health and Human Services ("HHS") has not completed its investigation and thus has not yet made a decision regarding the Plaintiff's claim. As a result, according to the Government, no documentation has been compiled or forwarded to the United States Attorney's Office "as would be necessary to respond meaningfully, file an answer to the

Complaint, or to participate in initial discovery disclosures."

The Court, however, finds the Government's motion to be premature. Currently pending before the Court is the Government's Motion to Dismiss [Doc. 4], which was filed on May 6, 2013, and is set to ripen by June 3, 2013, at the latest. Pursuant to Fed. R. Civ. P. 12(a)(4), if the Court denies the Government's motion to dismiss, the Government will still have fourteen (14) days in which to file a responsive pleading. If the Government still has not received any relevant paperwork from HHS at that time sufficient to file an answer, then it is free to renew its motion for a stay. In the interim, the Court can conceive of no prejudice to the parties which would arise from the conduct of a scheduling conference pursuant to Fed. R. Civ. P. 16(b) and 26(f). With regard to initial disclosures, Fed. R. Civ. P. 26(a)(1) does not require a party to disclose more than it has available to it, and a party may always supplement its disclosures pursuant to Fed. R. Civ. P. 26(e) at a later date.

**WHEREFORE**, the Court does not find good cause to grant the Government's motion **[Doc. 8]** at this time, and the same is accordingly **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** May 30, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE